United States District Court
Southern District of Texas
**ENTERED**
October 01, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CORNELIUS MILAN HARPER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:18-CV-299 |
| § | |
| CITY OF BEEVILLE, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE**

Plaintiff Cornelius Milan Harper is a Texas inmate appearing *pro se* and *in forma pauperis* in this recently filed civil action. Mr. Harper has become a prolific filer of nonsensical civil actions, motions, and other submissions. He now has four civil cases pending before this Court: (1) *Harper v. Bell, et al.*, No. 2:17-cv-117 (S.D. Tex. filed Mar. 27, 2017); (2) *Harper v. City of Beeville, et al.,* No: 2:18-cv-299 (S.D. Tex. filed Sept.19, 2018); (3) *Harper v. Municipality of Bee Co., et al.,* No. 2:18-cv-300 (S.D. Tex. filed Sept. 21, 2018); and (4) *Harper v. St. Board of Crim. Justice, et al.,* No. 2:19-cv-300 (S.D. Tex. filed Sept. 21, 2018).[1]

The instant prisoner civil rights action, prepared on a 42 U.S.C. § 1983 civil rights form, is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. For purposes of screening, the undersigned

---

[1] Mr. Harper has also been cautioned for sending a hair sample to the Court. *Harper v. Bell,* No. 2:17-cv-117 at D.E. 93.

recommends that Plaintiff's complaint be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. He is currently serving a life sentence without parole. Plaintiff sues the following defendants in this action: (1) City of Beeville; (2) County of Bee; (3) County of Bee-State of Texas; and (4) the Texas Commission of Environmental Quality State of Texas.

In the "Statement of Claim" section on page four of his completed civil rights form, Plaintiff states the following:

> The People of the State of Texas through elected Governor appointed the Texas Board of Criminal Justice who enforced through the Texas Department of Criminal Justice unconstitutional policies, practices, customs, etc[.] that violated, statewide, the sovereign rights of U.S. and Texas citizens without just compensation, in the state of Texas throughout

---

[2] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

> its chartered birth as a public trust to present beyond. Prisoners statewide have been continuously treasoned [sic], terrorized and forced into slavery and involuntary servitude by the Defendants, their allies and all participants in their scheme and habits of practice and contractual breaches.

(D.E. 1, p. 4). Plaintiff asserts that Defendants have committed various unlawful and criminal acts, including life endangerment, corruption, perjury, barratry, treason, bribery, failure to obey utility ordinances, racketeering, and OSHA violations. (D.E. 1, p. 3).

In his prayer for relief, Plaintiff seeks an "order for injunction for recompense, redemption, discharge of service, reform, redress, constitutionalization [sic] of TBCJ/TDCJ, order trial by public jury on all facts of merit and cause for claim. (D.E. 1, p. 4). Plaintiff has attached numerous Step 1 and Step 2 grievances to his original complaint, in which he (1) complained about matters regarding his confinement; and (2) appealed from numerous disciplinary convictions. (D.E. 1, pp. 7-37; D.E. 1-1; D.E. 1-2, pp. 1-12). He also has attached several boil water notices and cancellation of boil water notices issued by the TDCJ on various dates in 2017 and 2018. (D.E. 1-2, p. 15-21).

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at

555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

In a one-page list, Plaintiff claims that Defendants have violated Article VI of the United States Constitution, Article 1 of the Texas Constitution, the Religious Land Use and Institutionalized Persons Act (RLUIPA), the Texas Religious Freedom Restoration Act, various Texas penal codes and criminal procedure, and various sections of the Texas Government code.  (D.E. 1, p. 6).  Plaintiff, however, fails to present a logical and coherent set of allegations to support any of these claims for relief.  His incoherent and rambling allegations otherwise fail to identify a state policy, practice or custom which has caused harm to him or otherwise support any claim that such policy, practice, or custom is unconstitutional.

Plaintiff attaches numerous grievances relating to a wide range of complaints against McConnell Unit officials as well as appeals from various disciplinary convictions. However, Plaintiff's allegations fail to identify any coherent or rational claim that relates to any of his attachments.  Furthermore, his statement that Defendants' various violations of constitutional, federal, and state law have forced him and other Texas prisoners into

being "continuously treasoned [sic], terrorized and forced into slavery and involuntary servitude" is irrational and wholly incredible.

Because Plaintiff's complaint consists entirely of irrational, baseless, and wholly incredible allegations, the Court is not bound to accept his allegations as true. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992) (explaining that allegations must be accepted as true, unless they are clearly irrational, baseless, or wholly incredible). Accordingly, the undersigned respectfully recommends that Plaintiff's complaint be dismissed as frivolous. *See Henry v. Kerr County, Texas*, No. SA-16-CV-284, 2016 WL 2344231 *3 (W.D. Tex.—San Antonio, May 2, 2016) (explaining that "[a] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible") (citing *Denton*, 504 U.S. at 32-33).

## V.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED this 28th day of September 2018.

> Jason B. Libby
> United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).